## Court of General Sessions—New York County.

### *June,* 1886.

### PEOPLE *v.* MOORE.

#### BAIL EXONERATED BY EXTRADITION OF PRISONER.

A defendant held under bail was without the knowledge or consent of his bail arrested under a warrant of the governor of this State on a requisition issued by the governor of New Jersey, and was extradited thereunder and delivered to the authorities of the State of New Jersey: *Held,* that the bail was exonerated and discharged.

MOTION by George W. Du Bois for an order exonerating and discharging him as the bail of one Katherine E. Moore.

The facts appear in the opinion.

*William C. Beecher,* for the motion.

*Randolph B. Martine,* district attorney, for the people, in opposition.

SMYTH (Recorder).—The defendant, Katherine E. Moore, was arrested in the month of October, 1885, upon a warrant issued by a police justice of this city upon a charge of grand larceny committed in the city and county of New York, and upon being brought before the justice she was held to answer at the Court

of General Sessions and was thereupon admitted to bail. An undertaking in the form prescribed by the Code of Criminal Procedure was executed by her as principal and by George W. Du Bois as surety.

In December, 1885, the defendant was surrendered by the governor of this State to the authorities of the State of New Jersey upon a requisition made by the governor of that State to answer an indictment for larceny alleged to have been committed by her in the State of New Jersey.

The arrest and surrender of the defendant to the authorities of New Jersey was without the knowledge or consent of Du Bois, her surety.

On the 14th of April, 1886, the defendant having been indicted by the grand jury of this county upon the charge upon which she was arrested and bailed, was called for trial in the Court of General Sessions and failing to appear an order was made by the court, on the motion of the district attorney, forfeiting the bail.

These facts appear by the motion papers and are conceded by the district attorney to be correctly stated.

The surety, Du Bois, now moves for an order setting aside the forfeiture and exonerating him as bail for the defendant.

By a recognizance of bail in a criminal action the principal is in the theory of the law, committed to the custody of the surety, to jailors of his own choosing, and there is an implied covenant on his part with his sureties when he is admitted to bail, that he will not depart out of the jurisdiction of the court before which he is bound to appear by the terms of the recognizance, and there is also an implied covenant on the part of the government when the recognizance of bail is accepted that it will not in any way interfere with this covenant between them or impair its obligations, or take any proceedings with the principal which will increase the risks of the sureties or affect their remedy against the principal. Reese v. United States, 9 Wall. 13.

And in Taylor v. Tainter (16 Wall. 366), it was held that the settled law of this class of cases is, that the bail will be exonerated when the performance of the condition is rendered impossible by the act of God, the act of the obligee, or the act of the law;

and that where the principal was arrested upon a warrant issued by the governor of the State where the recognizance was given upon the requisition of the governor of another State and the principal was demanded by the State making a requisition, the State from which he was removed could no longer require his appearance before its tribunals, and that all obligations which she had taken to secure that result thereupon at once *ipso facto* lost their binding effect. See, also, *Bishop Crim. Pro.* § 264, and cases cited in note.

The case presented by the moving papers is clearly within the authorities above cited and it follows that the motion must therefore be granted.